IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00298 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J.C. STREEVAL, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Daniel Rodriguez, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition references a criminal case number and, based on a prior § 2241 petition filed by Rodriguez in this court, it appears that he is again challenging his sentence imposed after his convictions in the United States District Court for the Southern District of Florida, Case No. 1:13-cr-20008.[1] In that case, he was convicted of two counts of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a)(1), two counts of Hobbs Act robbery, in violation of 18 U.S.C. 21 1951(a)(1), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 21 924(c)(1)(A)(iii). (Petition at 1, Dkt. No. 1.)

Upon review of his petition, the court concludes that Rodriguez cannot satisfy the requirements for proceeding under § 2241. For this reason, discussed briefly below, the court will dismiss his petition for lack of jurisdiction.

---

[1] His convictions and sentence in that case were affirmed on appeal. *United States v. Rodriguez*, 591 F. App'x 897 (11th Cir. 2015). In October 2016, Rodriguez filed a motion pursuant to 28 U.S.C. § 2255, through counsel, which was denied by order entered February 1, 2018. *United States v. Rodriguez*, No. 1:13-cr-20008-CMA, ECF Nos. 181, 183. This court has previously denied another § 2241 petition filed by Rodriguez in this court—in case No. 7:21-cv-00029. His petition there challenged the same convictions but on different grounds than he raises in the instant petition.

## I. BACKGROUND

Rodriguez's petition alleges that the sentencing court erred in determining that he was a career offender. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), Rodriguez argues that his prior Florida conviction for fleeing and eluding does not qualify as a "crime of violence" for purposes of the career offender guideline provision, *United States Sentencing Guideline* § 4B1.1.

It appears that he is attempting to proceed pursuant to the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which set forth the circumstances under which a petitioner may use § 2241 in order to challenge his sentence.

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or sentence. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Under *Wheeler*, a petitioner may proceed under § 2241 to challenge his sentence only if he shows all of the following:

>  1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>  2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

    3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

    4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018). The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *Wheeler*, 886 F.3d at 423–26.

    Based on clear Fourth Circuit law, Rodriguez cannot satisfy the second *Wheeler* prong by relying on *Mathis* or *Descamps*. In particular, the Fourth Circuit has squarely concluded that "*Mathis* did not change the settled substantive law" for purposes of *Wheeler*'s second prong. *Ham v. Breckon*, 994 F.3d 682, 689 (4th Cir. Apr. 20, 2021) (affirming the district court's dismissal of a § 2241 petition for lack of jurisdiction, where the petition relied on *Mathis* and *Descamps*); *see also Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("*Mathis* did not announce a substantive change to the law."). Thus, Rodriguez cannot rely on either decision to satisfy the second prong of the *Wheeler* test.[3]

    Because Rodriguez fails to meet the test to show that § 2255 is inadequate and ineffective to test the legality of his sentence, jurisdiction over his § 2241 petition is lacking. Accordingly, the court will dismiss his petition without prejudice for lack of jurisdiction.

---

[3] Rodriguez cannot rely on these cases for the additional reason that neither of these cases was decided *subsequent* to his direct appeal and first § 2255 motion, as required by *Wheeler*'s second prong. As explained *supra* note 1, Rodriguez's first § 2255 motion was filed in October 2016, years after *Descamps* was decided and months after *Mathis* was decided on June 23, 2016.

### III. CONCLUSION

For the reasons stated herein, Rodriguez cannot proceed under § 2241 and his petition will be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: June 7, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge